### JAMESON v. WILLIAMS.
#### No. 1733—6163.

Commission of Appeals of Texas, Section A.

Jan. 24, 1934.

C. A. Wright, of Fort Worth, for plaintiff in error.

J. L. Poulter, of Fort Worth, for defendant in error.

HARVEY, Presiding Judge.

This is a suit on a promissory note brought by the plaintiff in error, A. R. Jameson, against the defendant in error, S. E. Williams, a widow. The trial court rendered judgment in favor of the plaintiff, Jameson, against the defendant, S. E. Williams, for the sum due on said note, including principal, interest, and attorney's fees. The defendant prosecuted a writ of error to the Court of Civil Appeals, and that court reversed the judgment of the trial court and remanded the cause. 44 S.W. (2d) 498. The plaintiff, Jameson, applied to the Supreme Court for the writ of error, which was granted.

There is no statement of facts or bill of exception contained in the record, and the only question involved in the appeal goes to the sufficiency of the plaintiff's petition to sustain the judgment of the trial court. The material allegations of the said petition are substantially as follows: That the note sued on was executed to the plaintiff on December 26, 1928, by the defendant, S. E. Williams, and her husband, A. L. Williams—the latter having died since that time; that by the terms of the note the makers, S. E. Williams and her said husband, promised, jointly and severally, to pay said note in accordance with its terms. The only allegation contained in the petition relating to the consideration for which the note was executed, or the purpose for which the debt was incurred, reads as follows: "That said note had been given for the purchase money of certain cattle to be placed on the farm owned by defendant herein, and there kept for the use and benefit of the defendant."

▮▮ The Court of Civil Appeals decided that the allegations of the petition are insufficient to sustain the judgment of the trial court. The ruling upon which such decision is based is to the effect that the allegations of the petition, showing as they do that the defendant, S. E. Williams, was a married woman at the time the note was made, are insufficient to show that the consideration for the note constituted a subject-matter in respect to which a married woman is able to contract a personal liability. In his application for writ of error, the plaintiff in error claims, in effect, that the allegations of the petition furnish a legally sufficient basis for a presumed fact finding by the trial court that the cattle for which the note was given were purchased by the defendant for her separate use in operating a certain farm belonging to her separate estate. The plaintiff in error complains of the ruling of the Court of Civil Appeals, in the respect that same involves a contrary conclusion, as being in conflict with numerous decisions of other Courts of Civil Appeals, and of the Supreme Court, which are cited in the application for the writ of error. An examination of the various decisions cited by the plaintiff in error fails to disclose any such conflict as gives the Supreme Court jurisdiction to review the ruling of the Court of Civil Appeals in the present case. See Garitty v. Rainey, 112 Tex. 369, 247 S. W. 825; Layton v. Hightower, 118 Tex. 166, 12 S.W.(2d) 110. No other ground for the exercise of jurisdiction in the premises, by the Supreme Court, is shown. The amount in controversy, exclusive of interest, being less than $1,000, the judgment of the Court of Civil Appeals is final. R. S. art. 1821, as amended by Acts 1929, c. 33, § 1 (Vernon's Ann. Civ. St. art. 1821); state Constitution, art. 5, § 16; Long v. Green & Co., 100 Tex. 510, 101 S. W. 786.

We recommend that the application for the writ of error be dismissed.

CURETON, Chief Justice.

The application for writ of error is dismissed, as recommended by the Commission of Appeals.